JUDGE GRIESA

UNITED STATES DISTRICT COURT  10 CV 2881
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

THE ESTATE OF MAURICIO JAQUEZ
by THE PUBLIC ADMINISTRATOR
OF BRONX COUNTY,
as Administrator of the Goods, Chattels and Credits
of the deceased MAURICIO JAQUEZ,

                       Plaintiff,

-against-

THE CITY OF NEW YORK and
NEW YORK CITY POLICE OFFICERS
JOHN DOES,

                       Defendants.
-----------------------------------------------------------X

Civil Action

**COMPLAINT**

**JURY TRIAL DEMANDED**

Index No.    CV



       Plaintiff, THE ESTATE OF MAURICIO JAQUEZ by THE PUBLIC ADMINISTRATOR OF BRONX COUNTY, as Administrator of the Goods, Chattels and Credits of the deceased MAURICIO JAQUEZ, by its attorney, William J. Rita, as and for its Complaint hereby alleges as follows:

### PARTIES

    1.    Plaintiff Decedent MAURICIO JAQUEZ was a resident and domiciliary of Bronx County of the State of New York on the date of his death, April 12, 2009.

    2.    Plaintiff THE ESTATE OF MAURICIO JAQUEZ was created by the death of MAURICIO JAQUEZ.

    3.    Plaintiff THE PUBLIC ADMINISTRATOR OF BRONX COUNTY was appointed as fiduciary to THE ESTATE OF MAURICIO JAQUEZ via the issuance of Letters of Administration by the Bronx County Surrogate's Court on June 10, 2009.

    4.    Defendant THE CITY OF NEW YORK is a Municipal Corporation domiciled in the State of New York.

5. Upon information and belief, Defendants NEW YORK CITY POLICE OFFICERS JOHN DOES were and still are members of the New York City Police Department and are residents of the State of New York.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4) and supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. §1367.

7. Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the event giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS OF FACT

8. Plaintiff Decedent MAURICIO JAQUEZ was on the date of his death and at all dates pertinent to this action a resident of Bronx County.

9. Defendant THE CITY OF NEW YORK is a Municipal Corporation organized under the laws of the State of New York.

10. Defendant THE CITY OF NEW YORK on all dates pertinent to this action, maintained, operated and controlled the New York City Police Department.

11. Defendant THE CITY OF NEW YORK authorized the New York City Police Department to hire employees to act as an agent of THE CITY OF NEW YORK with regards to enforcing the laws of the State of New York as well as responding to and managing criminal activity within the geographical boundaries of the City of New York.

12. Upon information and belief, Defendants NEW YORK CITY POLICE OFFICERS JOHN DOES, at all times pertinent to this case, were member of the New York City Police Department and as such were given authority by the City of New York to enforce the laws of the State of New York in their capacity as members of the New York City Police Department.

13. The occurrence took place on April 12, 2009 at a time approximately between 9:30 a.m. and 12:00 noon at 479 Commonwealth Avenue which was the decedent's residence, in the County of Bronx, City and State of New York, within the jurisdiction of the 43th Police Precinct, where the deceased, MAURICIO JAQUEZ, was present.

14. Upon information and belief, a 911 call was made on April 12, 2009 from the above premises and Police Officers from the 43th Police Precinct and/or Emergency Services Unit responded to said call.

15. At the time and place of the occurrence, the deceased, MAURICIO JAQUEZ, was assaulted, battered, placed in fear of his life, ultimately shot multiple times by gun and caused to die due to various police officers, agents, servants, and/or other employees of the City of New York acting in a negligent, careless, reckless, intentional and otherwise unlawful manner and against proper police procedures.

16. The said shooting by defendant was entirely unjustified by any actions of the deceased, MAURICIO JAQUEZ, and constituted an unreasonable and excessive use of deadly force.

17. The actions alleged above deprived the deceased, MAURICIO JAQUEZ, of the following rights under the United States Constitution:

    a. Freedom from the use of excessive and unreasonable force.

    b. Freedom from a deprivation of liberty without due process of law.

    c. Freedom from summary punishment.

18. Defendant subjected the deceased, MAURICIO JAQUEZ, to such deprivations by either malice or a reckless disregard of the deceased MAURICIO JAQUEZ's rights.

19. The aforementioned death was the result of the use of excessive and unjustified force and intentional or negligent misuse of police equipment; and/or failure to maintain the tazer(s) and other devices in proper operational and mechanical condition.

20. This occurrence was allowed to take place due to the intentional conduct as well as the negligence, recklessness and carelessness of the City of New York, by and through their various agents, servants, and/or employees, as well as in their negligent hiring, negligent training, and negligent retaining of its various police officers, agents, servants, and/or employees.

21. The aforesaid officers and/or agents also exercised a lack of judgment in regard to the response to an emergency call at the aforesaid time and location.

22. As a result of the foregoing, the deceased, MAURICIO JAQUEZ, was caused to undergo great conscious pain and suffering until the moment of his wrongful death when he expired and died as a direct and proximate result of the injuries inflicted upon his person due to the negligence, intentional actions and/or other conduct of the City of New York, their agents, servants, and/or employees.

23. All the conditions precedent to the commencement of the within actions against the defendant THE CITY OF NEW YORK has been complied with; a Notice of

Claim having been served upon the City of New York, on June 16, 2009, within ninety (90) days of the date that the within cause of action having been caused to accrue; THE CITY OF NEW YORK, held a statutory hearing on February 3, 2003; and that this action against these defendant's is being commenced herewith within one (1) year and ninety (90) days of the date that the within causes of action having been caused to accrue.

### FIRST CAUSE OF ACTION: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 19.

25. At all times pertinent to this incident the Defendants NEW YORK CITY POLICE OFFICERS JOHN DOES acted under color of law in the scope of their employment as members of the New York City Police Department.

26. The actions of the Defendants NEW YORK CITY POLICE OFFICERS JOHN DOES, infringed upon Plaintiff Decedent MAURICIO JAQUEZ's Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York in violation of 42 U.S.C. §1983 in that the defendants lacked the requisite levels of proof to justify their actions. More specifically, the defendants were not justified in assaulting, battering, shooting, and killing Plaintiff Decedent MAURICIO JAQUEZ.

27. Upon information and belief, defendant THE CITY OF NEW YORK at all time pertinent hereto had in place a policy, practice and custom that promoted, encouraged, directed and allowed the defendants NEW YORK CITY POLICE OFFICERS JOHN DOES to act in the matter described herein, and in turn, offend

Plaintiff Decedent MAURICIO JAQUEZ's constitutional rights in violation of 42 U.S.C. §1983.

28. Upon information and belief, defendant THE CITY OF NEW YORK at all time pertinent hereto demonstrated a deliberate indifference with respect to allowing their employees, servants and agents to offend plaintiff's and similar persons constitutional rights in violation of 42 U.S.C. §1983 in that THE CITY OF NEW YORK, failed to properly screen, hire, train, supervise, retain, investigate and discipline members of the New York City Police Department including but not limited to the defendants NEW YORK CITY POLICE OFFICERS JOHN DOES.

### SECOND CAUSE OF ACTION: ASSAULT AND BATTERY

29. Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 24.

30. At the time and place of the occurrence, the deceased, MAURICIO JAQUEZ, was assaulted, battered, placed in fear of his life, and ultimately shot multiple times by gun due to various police officers, agents, servants, and/or other employees of the City of New York acting in a negligent, careless, reckless, intentional and otherwise unlawful manner and against proper police procedures.

31. The aforementioned assault and battery was the result of the use of excessive and unjustified force and intentional or negligent misuse of police equipment; and/or failure to maintain the tazer(s) and other devices in proper operational and mechanical condition.

32. This occurrence was allowed to take place due to the intentional conduct as well as the negligence, recklessness and carelessness of the City of New York, by and

through their various agents, servants, and/or employees, as well as in their negligent hiring, negligent training, and negligent retaining of its various police officers, agents, servants, and/or employees.

### THIRD CAUSE OF ACTION: WRONGFUL DEATH

33. Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28.

34. At the time and place of the occurrence, the deceased, MAURICIO JAQUEZ, was shot multiple times by gun and caused to die due to various police officers, agents, servants, and/or other employees of the City of New York acting in a negligent, careless, reckless, intentional and otherwise unlawful manner and against proper police procedures.

35. The aforementioned wrongfully death was the result of the use of excessive and unjustified force and intentional or negligent misuse of police equipment; and/or failure to maintain the tazer(s) and other devices in proper operational and mechanical condition.

36. This occurrence was allowed to take place due to the intentional conduct as well as the negligence, recklessness and carelessness of the City of New York, by and through their various agents, servants, and/or employees, as well as in their negligent hiring, negligent training, and negligent retaining of its various police officers, agents, servants, and/or employees.

### GENERAL DAMAGES

37. Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 32.

38. The deceased, MAURICIO JAQUEZ suffered various and diverse serious damages including wrongful death, personal injuries, general damages, special damages, loss of income and other damages.

39. Beneficiaries of THE ESTATE OF MAURICIO JAQUEZ are the widow (Ana Martinez) and eight infant children (Nicole Jaquez, Jose Jaquez, Adolfo Jaquez, Raymond Arismendy Jaquez, Luis Manuel Jaquez, Jessica Jaquez, Lucero Jaquez, and Osvaldo Jaquez) who suffered various and diverse serious damages including wrongful death, pecuniary loss, loss of guidance, loss of services, loss of companionship, funeral and burial expenses and other damages.

## PUNITIVE DAMAGES

36. Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 35.

37. The defendants actions as set fourth herein rise to the level of wanton, reckless, malicious and intentional disregard of the plaintiff civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions.

## SPECIAL DAMAGES

38. Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37.

39. Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for the amount in excess of any jurisdictional limitations of this court together with attorney's fees, interest, costs, and such other and further relief as the court may deem appropriate.

Dated: New York, NY
April 2, 2010

NYCbanklaw@aol.com

William J. Rita (9050)
*Attorney for the Plaintiff.*
THE ESTATE OF
MAURICIO JAQUEZ by
THE PUBLIC
ADMINISTRATOR OF
BRONX COUNTY
291 Broadway Suite 1006
New York, NY 10007
(212)766-1001

fax # 212-385-2418

JS 44C/SDNY
REV. 1/2008

JUDGE GRIESA

CIVIL COVER SHEET

10 CV 2881

APR 02 2010

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
THE ESTATE OF MAURICIO JACQUES et al

**DEFENDANTS**
THE CITY OF NEW YORK

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
WILLIAM J. RITA
291 BROADWAY SUITE 1006
NEW YORK, NY 10007 (212) 766-1001

**ATTORNEYS (IF KNOWN)**

RECEIVED APR 02 2010 U.S.D.C. S.D.N.Y. CASHIERS

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Sec 1983

Has this or a similar case been previously filed in SDNY at any time? No? [X] Yes? [ ]  Judge Previously Assigned _____

If yes, was this case Vol.[ ] Invol.[ ]  Dismissed. No[ ] Yes[ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)   NATURE OF SUIT

**TORTS**

CONTRACT
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

FORFEITURE/PENALTY
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

LABOR
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

SOCIAL SECURITY
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

FEDERAL TAX SUITS
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

OTHER STATUTES
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

REAL PROPERTY
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

CIVIL RIGHTS
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[X] 440 OTHER CIVIL RIGHTS

PRISONER PETITIONS
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

IMMIGRATION
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    50 Million Dollars

DEMAND $50,000,000 OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:   No

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.