# Law Office of
# Zachary Margulis-Ohnuma

April 10, 2015

**Via ECF and Email**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    RE: <u>Jaquez v. City of New York et al.</u>, 10-cv-2881

Dear Judge Forrest:

   This office represents the plaintiffs in the above-captioned action. I am in receipt of the Court's order precluding the testimony of plaintiffs' medical expert, Dr. Richard Sullivan, Dkt. No. 157, and the letter from defense counsel Barry Myrvold renewing the defendants' motion for summary judgment, Dkt. No. 158. I have not yet seen any opinion setting forth the reasons for the preclusion of Dr. Sullivan's testimony.

   Plaintiffs oppose any renewal of the motion for summary judgment because it is untimely and because the record amply supports the existence of disputed facts even without Dr. Sullivan's opinion testimony. In particular, fact testimony will be elicited from Dr. Kristen Landi and sculptor Thomas Beattie showing that each of the five bullets that entered Mr. Jaquez's body was on a marked downward trajectory, the last bullet was almost straight down from the top of the head, and one of the bullets was

260 Madison Avenue • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

**LAW OFFICE OF ZACHARY MARGULIS-OHNUMA**

shot while Mr. Jaquez's arm was back behind the centerline of his body. This testimony will be backed up by physical evidence including autopsy photographs, sketches made during the autopsy and Dr. Landi's deposition, and Mr. Beattie's sculpture which is based on a projection of the bullet wounds onto a plaster cast.

Even without expert testimony, there is ample evidence for a jury to conclude that all of the shots were fired after Mr. Jaquez was on the ground and therefore not posing a threat to the officers. The existence of disputed material facts is further supported by the inconsistent statements of the defendants previously noted by the Court.

In short, with or without Dr. Sullivan's testimony, the Rule 56.1 statements already filed show that a reasonable finder of fact could find that the defendants acted unreasonably in forcibly entering the apartment when only Mr. Jaquez was inside, then trying to break a hole through the kitchen wall, screaming at Mr. Jaquez, Tasering Mr. Jaquez as he walked down the hall unarmed, beating him with a ballistic shield when he retreated, Tasering him two more times, hitting his right forearm and stomach with rubber bullets, Tasering him again, then opening fire, shooting him from above and denying him medical attention until he was certain to die.

Accordingly, there is no need for renewed or additional briefing and the case should proceed to trial as scheduled.

We reserve the right to file a motion for reconsideration after reviewing the basis for the Court's exclusion of all of Dr. Sullivan's testimony, including his factual explanations and opinion testimony regarding the effects of the sorts of wounds he treats on a daily basis in the emergency room.

## LAW OFFICE OF ZACHARY MARGULIS-OHNUMA

```
Thank you for your attention to this case.

                                Very truly yours,
```

*Zachary Margulis-Ohnuma*

```
                                Zachary Margulis-Ohnuma

CC: Barry Myrvold, Esq. (via Email)
```