```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 21, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE ESTATE OF MAURICIO JAQUEZ, *by*
*The Public Administrator of Bronx County*
*as administrator of the Good, Chattels and*
*Credit of the deceased Mauricio Jaquez*, and
ANA MARTINEZ,

                     Plaintiffs,

-v-

THE CITY OF NEW YORK, et al.,

                     Defendants.
------------------------------------------------------------X

10 Civ. 2881 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

This case arises from an encounter between an emotionally disturbed person and several New York City Police Department officers. The encounter began when Ana Martinez called 911 after her husband, Mauricio Jaquez, had an "emotional breakdown." A team of NYPD officers responded and a struggle ensued during which Mr. Jaquez repeatedly threatened them with a knife. The officers used non-lethal force and ultimately live ammunition against Mr. Jaquez, who was killed.

On May 8, 2015 the Court granted the defendants' motion for summary judgment with respect to all claims except those stemming from the final bullet fired by Sergeant William Flores.[1] (ECF No. 169.) The Court concluded that with respect to that bullet, and only that bullet, there was a triable issue as to whether Sgt. Flores's conduct was objectively unreasonable and thus not covered by qualified immunity.

---

[1] The Court had previously dismissed claims against the City of New York for municipal liability and negligent screening, hiring, retention, training, and supervision. (ECF No. 84.)

Both parties have moved for reconsideration of the Court's order. (ECF Nos. 171 and 177.) Both parties have also discussed, per the Court's request, (ECF No. 174) the impact on this case, if any, of <u>City and County of San Francisco, California, et al. v. Sheehan</u>, 135 S. Ct. 1765 (2015), which the Supreme Court decided ten days after the Court's order partially granting and partially denying summary judgment to the defendants.  The Court has carefully considered the submissions and DENIES both motions for reconsideration.

After reviewing the parties' dueling motions for reconsideration and the <u>Sheehan</u> case and thinking carefully about the issue, the Court remains confident in its prior decision.  The <u>Sheehan</u> case, while relevant, does not require a reversal of the Court's prior decision to grant qualified immunity to the last shot.  All three courts that evaluated Sheehan's claims agreed that the fact that Sheehan may have been on the ground when the officer fired the final shot did not extinguish the officer's qualified immunity.  <u>See</u> <u>Sheehan v. City & Cnty. of San Francisco</u>, No. C 09-03889, 2011 WL 1748419, at *9 (N.D. Cal. May 6, 2011); <u>Sheehan v. City & Cnty. of San Francisco</u>, 743 F.3d 1211, 1230 (9th Cir. 2014); <u>Sheehan</u>, 135 S. Ct. at 1775. Although this supports the defendants' position, it is not dispositive.

The vital difference between this case and <u>Sheehan</u> is the extent to which the final bullet is susceptible to being independently evaluated.  In <u>Sheehan</u> the district court appropriately identified the question as whether the officer objectively should have known "when to <u>stop</u> shooting." <u>Sheehan</u>, 2011 WL 1748419, at *9 (emphasis added); <u>see also id.</u> at *3 ("Officer Reynolds then rapidly shot Plaintiff two to three

2

times, the last shot striking Plaintiff in the face."). In contrast, in this case one of the officers testified at his deposition that between the initial round of live ammunition shots and Sergeant Flores's final shot, Sergeant Flores used his radio to call for medical assistance. See Morrissey Dep., ECF No. 114, Exh. L, 117:18-120:8. Given this testimony, a reasonable jury could conclude that "'on an objective basis, it is obvious that no reasonably competent officer would have concluded,' in that moment that his use of deadly force was necessary." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 37 (2d Cir. 2003) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

The motions for reconsideration are therefore DENIED. The Clerk of Court is directed to close the motions at ECF Nos. 171, 173, and 177. The parties are directed to confer and provide the Court with three proposed trial dates, none of which shall be during January 2016, when the Court has a criminal trial scheduled.

SO ORDERED.

Dated:   New York, New York
         September 21, 2015

_____
KATHERINE B. FORREST
United States District Judge