USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 6, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

THE ESTATE OF MAURICIO JAQUEZ, *by The Public Administrator of Bronx County as administrator of the Good, Chattels and Credit of the deceased Mauricio Jaquez*, and ANA MARTINEZ,

Plaintiffs,

-v-

SERGEANT WILLIAM FLORES, Shield No. 1023,

Defendant.

-----------------------------------------------------------X

10 Civ. 2881 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

The Court attaches to this order three documents to be posted to the docket in connection with the trial in this matter. First, a limiting instruction ("Limiting Instruction #1") the Court provided to the parties and then, with the parties' edits, read to the jury on the record. Second, a stipulation entered into between the plaintiffs and defendant. And third, another limiting instruction ("Limiting Instruction #2") the Court provided to the parties and then, with the parties' edits, read to the jury on the record.

SO ORDERED.

Dated:     New York, New York
          April 6, 2016

_____
KATHERINE B. FORREST
United States District Judge

### Limiting Instruction #1 – Role of jury in this case

L & G: The evidence you will hear throughout this case concerns a series of events on April 12, 2009. On that day, there was an incident involving law enforcement and Mauricio Jaquez. During that incident, law enforcement used force on Mauricio Jaquez, and as part of that he was shot several times.

This lawsuit concerns whether the last of those shots -- the one that you will hear referred to as "track wound A" or "bullet wound A" or just "wound A" -- was an excessive use of force by defendant Flores.

None of the other bullets fired, or other uses of force during the incident, are at issue in this trial. The Court has already determined that as to those uses of force, the defendant and his fellow officers acted ~~appropriately~~ (reasonably). You will hear that prior to the last shot, the decedent had already suffered a fatal wound; that is, a wound which lead to his death.

The Court was unable to make a determination as to whether ~~Detective~~ Sgt. Flores (reasonably) acted ~~appropriately~~ as to the final shot fired because there are disputed issues of fact which require a determination by a jury. Those issues concern whether the decedent was capable of rising off the floor, and in fact was rising from the floor at the time the last bullet was fired, and whether he was holding a knife at that time. These are among the contested issues that you will decide. You will be asked to determine whether at the time of that final shot, ~~Detective~~ Sgt. Flores had ~~probable cause to believe~~ reasonable belief that the decedent posed a significant threat of death or serious physical injury to himself or others.

Because the other bullets fired and other uses of force are not at issue here, the description of what occurred in the apartment prior to the final shot including those other uses of force, is offered as background to that final shot and to the issues you will be asked to decide.

At the conclusion of the evidence of this case, I will instruct you on the law. Your task will then be to determine whether as to the final shot and the final shot only, ~~Detective~~ Sgt. Flores engaged in an excessive use of force. You will be instructed at that time and I instruct you now that the other shots and the other uses of force which occurred that evening are not on trial here – they are provided as background only.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ESTATE OF MAURICIO JAQUEZ,<br><br>                                      Plaintiffs,<br>-against-<br>Sergeant WILLIAM FLORES, Shield No. 1023,<br><br>                                      Defendant. | **STIPULATION**<br><br>10 CV 2881 (KBF) |

IT IS HEREBY STIPULATED AND AGREED by and between ESTATE OF MAURICIO JAQUEZ with the consent of their attorneys, Zachary Margulis-Ohnuma, Esq. and Sharlene Morris, Esq., Sergeant WILLIAM FLORES , by Barry Myrvold, Esq. and Shira Siskind, Esq., that:

1. The three bullets recovered from Mauricio Jaquez's body in the course of his autopsy conducted by Kristin Landi, M.D., on April 13, 2009, were fired from the Glock 9 millimeter Luger semi-automatic pistol in the possession of Sgt. William Flores during the incident at 479 Commonwealth Avenue on April 12, 2009.

2. This stipulation may be received into evidence as an Exhibit.

Dated: New York, New York
        April 5 , 2016

_____
Zachary Margulis Ohnuma, Esq.
Sharlene Morris, Esq.
Attorneys for Estate of Mauricio Jaquez et al.

_____
Barry Myrvold, Esq.
Shira Siskind, Esq.
Assistance Corporation Counsel

# Limiting / Cautionary Instruction -- #2

L & G: You have heard that the 3 bullets found in Mr. Jaquez's body were fired from a Glock pistol ~~such as that~~ possessed by Sgt. Flores.

This evidence is offered to you in connection with what Sgt. Flores knew, or what his state of mind was, at the time of the final shot.

However, I want to remind you that Sgt. Flores is not on trial here for any of the shots fired at or lodged in Mr. Jaquez, or any uses of force, other than the final shot. The Court has already found that those prior uses of force, including the shots fired prior to the final shot, were reasonable under ~~the facts and~~ the circumstances.

I therefore instruct you that ~~in considering~~ the fact that there were two prior Glock bullets found in Mr. Jaquez may not be used by you in any way other than to assist you in your overall consideration of the facts and circumstances existing at the time of the final shot.