# Law Office of
# Zachary Margulis-Ohnuma

April 6, 2016

**Via ECF and Email**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: Estate of Jaquez et al. v. Flores., 10-cv-2881

Dear Judge Forrest:

This office represents Plaintiff in the above-captioned case currently on trial. I write with respect to the Court's proposed jury instructions and verdict sheets distributed in court today.

### The Verdict Sheets and Special Interrogatories

1. **QUALIFIED IMMUNITY SHOULD ONLY BE DECIDED IF THE DEFENDANT REQUESTS SPECIAL INTERROGATORIES AFTER VERDICT**

Plaintiff objects to both the procedure discussed in court today and the substance of Verdict Sheet #1. As to procedure, it is incumbent upon Defendant – and not the Court or the Plaintiff – to pose special interrogatories setting forth facts he believes he has proven that are sufficient to merit qualified immunity. Qualified immunity is an affirmative defense; as such, "the defendant bears both the burden of proof and the obligation to request the specific factual interrogatories that would be necessary to

260 Madison Avenue • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

# LAW OFFICE OF ZACHARY MARGULIS-OHNUMA

enable the court to make the appropriate legal determination." Ellis v. La Vecchia, 567 F.Supp.2d 601, 609 (S.D.N.Y.2008).

The Second Circuit has instructed that, "[t]o the extent that a particular finding of fact is essential to a determination by the court that the defendant is entitled to qualified immunity, it is the responsibility of the defendant to request that the jury be asked the pertinent question. If the defendant does not make such a request, he is not entitled to have the court, in lieu of the jury, make the needed factual finding." Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007); see also Rickettes v. Turton, No. 12-CV-6427 SMG, 2015 WL 3868070, at *7 (E.D.N.Y. June 23, 2015) ("Because qualified immunity is an affirmative defense, a defendant invoking it bears the burden of proof with respect to the facts demonstrating its application.").

The Second Circuit approach further envisions that the special interrogatory answers can be used in a post-verdict motion, not as a substitute for sending the case to the jury in the first place. See Guzman v. Jay, 303 F.R.D. 186, 196 (S.D.N.Y. 2014). "On remand, the district court …should charge the jury on excessive force, but not on qualified immunity. If the jury returns a verdict of excessive force against [defendant], the court should then decide the issue of qualified immunity." Stephenson v. Doe, 332 F.3d 68, 80 (2d Cir. 2003). Accordingly, we request that the case be submitted to the jury with Verdict Sheet #2.[1] In the event that a plaintiff's verdict is returned, it would be up to the defendant to move for special interrogatories and then up to the Court to consider any resulting Rule 50 motion based on the jury's factual findings.

---

[1] Our only objection to Verdict Sheet #2 is that the word "unlawful" should be stricken before "excessive force" since all force that is excessive is in itself unlawful, and including the surplusage could lead the jury to believe something more than excessive force is required.

# LAW OFFICE OF ZACHARY MARGULIS-OHNUMA

### 2. THE COURT'S PROPOSED SPECIAL INTERROGATORIES, EVEN IF ANSWERED IN THE AFFIRMATIVE, WOULD NOT CONFER QUALIFIED IMMUNITY

Through its interrogatories, the Court suggests that if "Mauricio Jaquez was pushing himself up from the floor" and had "a knife in his hand" when the "defendant fired the final shot," Sgt. William Flores would be entitled to qualified immunity as a matter of law. We respectfully submit, however, that even if Sgt. Flores could prove both those elements, qualified immunity would not apply. See, e.g., Rickettes v. Turton, No. 12-CV-6427 SMG, 2015 WL 3868070, at *9 (E.D.N.Y. June 23, 2015) (denying post-trial motion for qualified immunity because "the jury's finding that [plaintiff] reached for his knife does not inevitably compel the conclusion that it was objectively reasonable for [defendant] to administer subsequent baton strikes to [plaintiff's] hand"). Assuming arguendo that Mr. Jaquez was "pushing himself up" with a knife in his hand, no reasonable officer would have fired on him anyway knowing that he had been hit with multiple bullets already, was contained within the bathroom, and the only people in the vicinity were police officers wearing body armor. While it is up to the defense to craft appropriate interrogatories (and then for the Court to decide if immunity exists), there cannot possibly be immunity if a reasonable officer in Sgt. Flores's position did not perceive an immediate risk of serious physical injury. We respectfully submit that no officer in his position would – and the proof of that is his testimony that he did not perceive an immediate threat either.

## The Jury Instructions

### 1. IMMINENCY OR IMMEDIACY OF THREAT JUSTIFYING THE USE OF FORCE

We respectfully submit that the case law is clear that in order to justify the use of deadly force, a threat of death or serious bodily injury must be present at the time the deadly force is used. Woodward v. Town of Brattleboro, 148 Fed. Appx. 13, 13 (2d Cir. 2005) ("The threat must be

# Law Office of Zachary Margulis-Ohnuma

immediate."); see also Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) ("Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so."). We therefore propose amending the charge to reflect this standard as contained in the revisions submitted herewith via email at pages 11 and 15-16.

We also request the Court strike the reference on page 16 to the decisions of other officers as unnecessary and confusing.

Finally, we preserve our previously made objection to instructing the jury that the officers acted reasonably as a matter of law with respect to the initial shots (we have not however made such changes to the Word document).

Other conforming changes are included in the emailed document. Plaintiff requests an opportunity to respond to any changes or proposal by the defense.

Thank you for your attention to this case.

Very truly yours,

*Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

Encl.

CC: Joshua Lax, Esq. (via ECF and email)