

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SHIRA SISKIND**
Assistant Corporation Counsel
Phone: (212) 356-2414
Fax: (212) 356-3509
ssiskind@law.nyc.gov

April 6, 2016

**BY ECF**
Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  <u>Estate of Mauricio Jaquez v. William Flores</u>
             10 CV 2881 (KBF)

Your Honor:

       I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matter. In accordance with the Court's instructions this afternoon, defendant writes regarding the issue of whether the term "imminent" should be included in the charge to the jury. Defendant apologizes for submitting this letter late.

       Defendant is in agreement with the Court that there is no support in the case law for a charge that would include the term "imminent." Indeed, the case law is clear that the standard to be applied in determining whether the use of deadly force was reasonable is whether the officer "has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." <u>O'Bert v. Vargo</u>, 331 F.3d 29 (2d Cir. 2003). Defendant has been unable to locate any case that set forth a standard requiring that the threat be imminent.

       Plaintiff contends that there must be an absolute certainty that there will be serious physical injury or death. However, that has never been the standard. For example, cases involving high speed chases where deadly force has been used appear to focus on the fact that the theoretical risk posed by a high speed driver and the injuries that his conduct may cause, warrants the use of deadly force. There is no need to show imminence in those circumstances based on the mere fact that the conduct creates a serious risk of physical injury or significant

threat of death. From that, one can conclude that the law does not require imminence or immediacy, only the presence of a significant threat of death or serious physical injury. See e.g., Mullenix v. Luna, 136 S. Ct. 305 (2015). In that case, by the time the officer fired his weapon, the suspect "had led police on a 25-mile chase at extremely high speeds, was reportedly intoxicated, had twice threatened to shoot officers, and was racing towards an officer's location." Id. at 310. There was no evidence that the driver was on the cusp of striking anyone with his car when the shots were fired. In fact, the decision explains that the officer fired at the suspect's car to disable it. Id. at 306. Therefore, there is no imminence requirement for the use of deadly force.

        Defendant thanks the Court for its time and consideration.

                        Respectfully submitted,

                        /s/

                        Shira Siskind
                        Assistant Corporation Counsel

CC:    All Counsel (BY ECF)