USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 8, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE ESTATE OF MAURICIO JAQUEZ,                 :
*by The Public Administrator of Bronx*         :
*County as administrator of the Good,*         :
*Chattels and Credit of the deceased*          :          10 Civ. 2881 (KBF)
*Mauricio Jaquez*, and ANA MARTINEZ,           :
                                               :          ORDER
                              Plaintiffs,      :
                                               :
                  -v-                          :
                                               :
SERGEANT WILLIAM FLORES, Shield                :
No. 1023,                                      :
                                               :
                              Defendant.       :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

        The Court attaches to this order the drafts of the jury instructions and

verdict sheets that were delivered to the parties and to the jury.


        SO ORDERED.

Dated:        New York, New York
              March 31, 2016

                                          _____
                                              KATHERINE B. FORREST
                                              United States District Judge

Version 1 to the parties April 6, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
THE ESTATE OF MAURICIO JAQUEZ, by :
the Public Administrator of Bronx County    :
as administrator of the goods, chattels, and :          10-cv-2881 (KBF)
credit of the deceased Mauricio Jaquez, and :
ANA MARTINEZ,                                               :
                                                            :
                              Plaintiffs,                   :
                    -v-                                     :
                                                            :
                                                            :
Sergeant WILLIAM FLORES, Shield No.    :
1023,                                                       :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X

**<u>JURY CHARGES</u>**

10-cv-2881 Jury Instructions v1 4/6/16

## GENERAL INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

### **Role of the Jury**

Your role is to pass upon and decide the facts in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining the facts, you must rely upon your own recollection of the evidence.

Your role is to decide whether the plaintiffs have carried their burden to prove that the defendant is liable.  If you were to find the defendant liable, your job then becomes to determine the damages, if any, owed to the plaintiffs.

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

**<u>Evidence</u>**

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence. It is only the answer which is evidence. Remember also that you are not to consider statements that I struck or told you to disregard. That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit. Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Circumstantial evidence is not any less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. We discussed a simple example of circumstantial evidence about umbrellas and rain when I spoke to you at the beginning of this trial. Another example is this—we will stick with water:

If you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. The fact of a wet sidewalk would be circumstantial evidence of the fact that it rained that night. However, there could be

10-cv-2881 Jury Instructions v1 4/6/16

another explanation for the water on the sidewalk, such as someone using a hose. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

10-cv-2881 Jury Instructions v1 4/6/16

## **Inference**

Let's talk about the term I just used, "inference." During the trial you may have heard the attorneys use the term inference, and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess. It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences you should exercise your common sense. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw.

10-cv-2881 Jury Instructions v1 4/6/16

### Credibility of Witnesses

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.

It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such

7

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

### Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  An interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

### **Testimony of Police Officers**

In this case you have heard the testimony of police officers. The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

### **Duty of Impartiality**

The fact that the defendant is part of the New York Police Department entitles him to no greater consideration than that accorded any other party.  By the same token, he is entitled to no less consideration.  All parties stand equal before the bar of justice.

9

10-cv-2881 Jury Instructions v1 4/6/16

## **Burden of Proof**

I now want to define for you the standard that applies in this case.  The standard under which you will decide whether the plaintiffs have met their burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means to prove that a fact is more likely true than not true.  The evidence of the party having the burden of proof – here, the plaintiffs – must be more convincing and persuasive to you than the evidence offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof, that party has carried its burden.

When a party has the burden of proof, as plaintiffs do in this case, he must prove each of the elements of his claim by a preponderance of the evidence.  If you find that each element of a claim is proved by a preponderance of the evidence, you must find in favor of plaintiffs on that claim; if you find that any element of a claim is not proved by a preponderance of the evidence, you must find in favor of defendant on that claim.

10-cv-2881 Jury Instructions v1 4/6/16

### The Claim to be Decided Here

The evidence you have heard throughout this case concerns a series of events on April 12, 2009.  On that day, there was an incident involving law enforcement and Mauricio Jaquez.  During that incident, law enforcement used force on Mauricio Jaquez, and as part of that he was shot several times.

This lawsuit concerns whether the last of those shots -- the one that you have heard referred to as the "final shot," "track wound A," or "bullet wound A" -- was an excessive use of force by defendant Flores.

None of the other bullets fired, or other uses of force during the incident, are at issue in this trial.  The Court has already determined that as to those uses of force, the defendant and his fellow officers acted reasonably.  You have heard that prior to the last shot, the decedent had already suffered a fatal wound; that is, a wound which lead to his death.

The Court was unable to make a determination as to whether Sgt. Flores acted reasonably as to the final shot fired because the parties dispute certain facts which therefore must be determined by a jury.  As I will describe more fully in a moment, you must determine whether at the time of that final shot, Sgt. Flores had probable cause to believe that the decedent posed a significant threat of death or serious physical injury to himself or others.

Because the other bullets fired and other uses of force are not at issue here, the description of what occurred in the apartment prior to the final shot including those other

11

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

uses of force, was offered as background to that final shot and to the issues you are now

asked to decide.

10-cv-2881 Jury Instructions v1 4/6/16

## SUBSTANTIVE LEGAL INSTRUCTIONS

### I.   § 1983: Excessive Use of Force

Plaintiffs have stated a claim under a federal statute called 42 U.S.C. § 1983, or Section 1983.  This statute provides a legal remedy for people who have been deprived of their constitutional rights.  We sometimes refer to claims brought under the authority of this statute as § 1983 claims.

To establish a § 1983 claim, plaintiffs bear the burden to establish each of the following three elements by a preponderance of the evidence.  If plaintiffs do not carry their burden as to any one of these three elements, even if they carry it as to one or two of them, you must return a verdict for defendant.  The three elements of a § 1983 claim are:

1.      That defendant committed an act or acts under color of state law;

2.      That by committing that act or acts, defendant deprived Mauricio Jaquez of his rights under the Constitution or the laws of the United States by subjecting him to an excessive use of force; and

3.      That the act or acts were a proximate cause of injuries Mr. Jaquez sustained.

I will explain each of these three elements to you in turn.

13

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

       1.     <u>Act Under Color of State Law</u>

The first element of plaintiffs' § 1983 claim requires you to determine whether defendant committed an act, and if so, whether he did so under color of state law.

This element is uncontested.  The parties do not dispute that Sgt. Flores fired the final shot that hit Mr. Jaquez and that he was acting in his capacity as a police officer when he did so.

10-cv-2881 Jury Instructions v1 4/6/16

2.  <u>Deprivation of a Constitutional Right</u>

The second element of plaintiffs' § 1983 claim requires you to determine whether defendant, in committing the acts at issue, deprived Mr. Jaquez of a right under the Constitution or federal law, specifically his right not to be subject to excessive force.

Certain aspects of this element of plaintiffs' claim are not contested.  The parties do not dispute that Sgt. Flores fired the final shot that hit Mr. Jaquez, nor do they dispute that he intended to do so.

The question for you on this second element was whether that use of force was a reasonable one under the totality of the facts and circumstances known to the officers on the scene at that time.  The question must be answered based upon what was known and understood by the officers on the scene when the force was employed, not based on 20/20 hindsight.

In situations in which deadly or lethal force is used, the standard that is used to determine whether the use of force was reasonable or not is whether the totality of the facts and circumstances gave rise to probable cause that Mr. Jaquez posed a significant threat of death or serious physical injury to Sgt. Flores or to others.  "Probable cause" means that, under the totality of the circumstances, a reasonable and prudent officer could have thought there was a fair probability that he or others faced a serious threat of physical harm.  Probable cause does not require certainty, and it does not require that the officer be correct.  Probable cause exists when the facts and circumstances are collective of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that Mr. Jaquez posed a significant

15

10-cv-2881 Jury Instructions v1 4/6/16

threat of death or serious physical injury to the officer or others.  Whether there was

probable cause to believe that Mr. Jaquez posed a significant threat of death or serious

physical injury depends only upon Sgt. Flores's knowledge of circumstances immediately

prior to and at the moment he made the decision to employ deadly force by firing the final

shot.

In making your determination as to whether excessive force was used, I instruct you

that it is not necessary that you determine that use of the particular type and amount of

force in fact used was the only option available.  That is, you do not have to find that the

particular use of force was the least intrusive means available.  It is sufficient that the

officer acted within a range of conduct that is reasonable.   There may be a range of

reasonable options, some of which employ different techniques.  In this regard, the law

does not require that an officer use the least amount of force possible, so long as you find

that the use of force was reasonable.

It is also not necessary that you determine that all officers confronted in the

situation the officers found themselves in on April 12, 2009 would have made the same

decision as Sgt. Flores, so long as you determine that at least one or more officers would be

reasonable in having made such a choice.

The question of whether Sgt. Flores used reasonable force or excessive force is an

objective one.  In this regard, Sgt. Flores' personal motivations or intentions are irrelevant

– the question is answered with regard to what a reasonable officer would have done

under the totality of the circumstances.  Accordingly, whether the officer had good

16

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

intentions do not make an excessive use of force reasonable; but by the same token, nor do bad intentions render a reasonable use of force excessive.

In making your determination as to whether Sgt. Flores used reasonable or excessive force here you must consider that police officers are often forced to make split-second decisions about the amount of force necessary when circumstances are tense, uncertain, and rapidly evolving.

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

      3.    <u>Proximate Cause</u>

The third and final element of plaintiffs' § 1983 claim requires you to determine whether an injury (or injuries) was proximately caused by defendant's act, that is, the final shot.  If you find that plaintiffs have carried their burden to prove the first two elements of the claim by a preponderance of the evidence, you must determine whether an injury (or injuries) was proximately caused by such conduct.

An act is a proximate cause of a particular injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act that is at issue in this trial.  Proximate cause does not mean the sole or only cause.  A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  An action by the defendant need only have been a substantial factor in bringing about some result in order for it to constitute proximate cause of that result.

If an act played no role, a minor role, or an insignificant role in particular injuries you determine Mr. Jaquez in fact sustained, then that injury was not proximately caused by the act.  Similarly, if a particular injury was not a reasonably foreseeable consequence of the defendant's conduct, this proximate cause element would not be met for that injury.  To be "reasonably foreseeable," an event must be able to be anticipated as a natural and probable result.

If no injuries were proximately caused by defendant's act, the final shot, then you must return a verdict of "not liable" even if you have found the other two elements.  If, however, you find that any of Mr. Jaquez's injuries were proximately caused by the act,

10-cv-2881 Jury Instructions v1 4/6/16

and you have found each of the other two elements, then you must return a verdict of

"liable."

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

## II.    <u>**Damages**</u>

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that plaintiffs have established liability on their claim.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiffs.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

**Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the defendant liable, then you must award the plaintiffs sufficient damages to compensate them for any injury proximately caused by the conduct of the defendant that created the liability.

The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.  In calculating damages, do not add any amount for interest.  The Court will do that automatically.

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

**<u>Compensatory Damages</u>**

Your decision on whether to award damages and the amount must be unanimous. If plaintiffs have proved all of the required elements of their § 1983 claim, then you must award them a sum of money that you believe will fairly and justly compensate them for any physical injury or pain and suffering you determine they actually sustained as a proximate result of the defendant's misconduct, as well as emotional distress, fear, personal humiliation, indignation, and mental anguish caused by that conduct.

Compensatory damages only include those injuries proximately caused by the actions of the defendant. I previously described what it means for an act to proximately cause an injury. If you award compensatory damages, they must only encompass the injuries to plaintiffs that resulted from the final shot, not from any other conduct.

Although compensatory damages include a number of different areas, which I listed above, there are some areas you should not consider. In this case, you may not award any damages due solely to Mr. Jaquez's death. For instance, because Mr. Jaquez had suffered a fatal wound prior to the final shot, his income would already have been lost and his family would have suffered the consequences of his loss. Again, the only act of defendant that is at issue for purposes of both liability and damages is the final shot.

Finally, compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

22

10-cv-2881 Jury Instructions v1 4/6/16

### Nominal Damages

If you return a verdict for the plaintiff, but find that plaintiffs have failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."

### Attorney's Fees

Any award of attorneys' fees is a matter to be determined by the Court. Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take attorneys' fees into consideration.

23

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

**<u>Punitive Damages</u>**

If you find that plaintiffs have proven that defendant is liable for violating Mr. Jaquez's Constitutional rights then you may also, in your discretion, make an award of punitive damages.  Punitive damages may be awarded even if you find plaintiffs have not suffered any actual damages.  To be clear, if you find plaintiffs have proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future.  Put another way, the amount is not intended to compensate plaintiffs for their injuries but rather to punish the defendant or to prevent similar conduct in the future.  You may only award plaintiffs punitive damages if you find that the defendant acted maliciously or wantonly.  An act is "malicious" if done with an evil motive or intent to violate a person's rights.  An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be.  You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

24

10-cv-2881 Jury Instructions v1 4/6/16

Finally, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

## CONCLUDING REMARKS

### Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

### Deliberations

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict or solely because of the opinions of other jurors. Adopt the conclusion that you honestly believe to be true.

10-cv-2881 Jury Instructions v1

10-cv-2881 Jury Instructions v1 4/6/16

During your deliberations, you will have the exhibits available to you.  You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

### **Procedure**

Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.  The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, you will need to send me a note.  Everything is in writing and the Court shares all notes with the parties.  If you send me a note, you are not to reveal the standing of the jurors, that is, the split of the vote.

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

27

10-cv-2881 Jury Instructions v1

Version 1 2 to the parties April 6 7, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
THE ESTATE OF MAURICIO JAQUEZ, by   :
the Public Administrator of Bronx County   :
as administrator of the goods, chattels, and   :        10-cv-2881 (KBF)
credit of the deceased Mauricio Jaquez, and   :
ANA MARTINEZ,                                           :
                                                        :
                              Plaintiffs,               :
                                                        :
             -v-                                        :
                                                        :
                                                        :
Sergeant WILLIAM FLORES, Shield No.   :
1023,                                                   :
                                                        :
                              Defendant.                :
------------------------------------------------------- X

**<u>JURY CHARGES</u>**

10-cv-2881 Jury Instructions v1 v2 4/67/16

## GENERAL INSTRUCTIONS

### <u>Role of the Court</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

### **Role of the Jury**

Your role is to pass upon and decide the facts in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining the facts, you must rely upon your own recollection of the evidence.

Your role is to decide whether the plaintiff~~s~~ ha~~sve~~ carried ~~their~~its burden to prove that the defendant is liable.  If you were to find the defendant liable, your job then becomes to determine the damages, if any, owed to the plaintiff~~s~~.

### Evidence

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence. It is only the answer which is evidence. Remember also that you are not to consider statements that I struck or told you to disregard. That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit. Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Circumstantial evidence is not any less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. We discussed a simple example of circumstantial evidence about umbrellas and rain when I spoke to you at the beginning of this trial. Another example is this—we will stick with water:

If you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. The fact of a wet sidewalk would be circumstantial evidence of the fact that it rained that night. However, there could be

4

another explanation for the water on the sidewalk, such as someone using a hose. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

## **Inference**

Let's talk about the term I just used, "inference."  During the trial you may have heard the attorneys use the term inference, and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.  An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

### **Credibility of Witnesses**

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.

It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such

inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

### Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  An interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

### **Testimony of Police Officers**

In this case you have heard the testimony of police officers. The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

### **Duty of Impartiality**

The fact that the defendant is part of the New York Police Department entitles him to no greater consideration than that accorded any other party.  By the same token, he is entitled to no less consideration.  All parties stand equal before the bar of justice.

9

10-cv-2881 Jury Instructions v1 v2 4/67/16

### **Burden of Proof**

I now want to define for you the standard that applies in this case.  The standard under which you will decide whether the plaintiffs hasve met their its burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means to prove that a fact is more likely true than not true.  The evidence of the party having the burden of proof – here, the plaintiffs – must be more convincing and persuasive to you than the evidence offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof, that party has carried its burden.

When a party has the burden of proof, as plaintiffs does in this case, he must prove each of the elements of his claim by a preponderance of the evidence.  If you find that each element of a claim is proved by a preponderance of the evidence, you must find in favor of plaintiffs on that claim; if you find that any element of a claim is not proved by a preponderance of the evidence, you must find in favor of defendant on that claim.

### The Claim to be Decided Here

The evidence you have heard throughout this case concerns a series of events on April 12, 2009.  On that day, there was an incident involving law enforcement and Mauricio Jaquez.  During that incident, law enforcement used force on Mauricio Jaquez, and as part of that he was shot several times.

This lawsuit concerns whether the last of those shots -- the one that you have heard referred to as the "final shot," "track wound A," or "bullet wound A" -- was an excessive use of force by defendant Flores.

None of the other bullets fired, or other uses of force during the incident, are at issue in this trial.  The Court has already determined that as to those uses of force, the defendant and his fellow officers acted reasonably.  You have heard that prior to the last shot, the decedent had already suffered a fatal wound; that is, a wound which lead to his death.

The Court was unable to make a determination as to whether Sgt. Flores acted reasonably as to the final shot fired because the parties dispute certain facts which therefore must be determined by a jury.  As I will describe more fully in a moment, you must determine whether at the time of that final shot, Sgt. Flores had probable cause to believe that the decedent posed a significant threat of death or serious physical injury to himself or others.

Because the other bullets fired and other uses of force are not at issue here, the description of what occurred in the apartment prior to the final shot including those other

11

10-cv-2881 Jury Instructions v1 v2 4/67/16

uses of force, was offered as background to that final shot and to the issues you are now

asked to decide.

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~67~~/16

**SUBSTANTIVE LEGAL INSTRUCTIONS**

    **I.**    **§ 1983: Excessive Use of Force**

    Plaintiff~~s~~ ha~~s~~ve stated a claim under a federal statute called 42 U.S.C. § 1983, or Section 1983.  This statute provides a legal remedy for people who have been deprived of their constitutional rights.  We sometimes refer to claims brought under the authority of this statute as § 1983 claims.

    To establish a § 1983 claim, plaintiff~~s~~ bear~~s~~ the burden to establish each of the following three elements by a preponderance of the evidence.  If plaintiff~~s~~ do~~es~~ not carry ~~their~~ its burden as to any one of these three elements, even if ~~they~~ it carry ~~it~~ the burden as to one or two of them, you must return a verdict for defendant.  The three elements of a § 1983 claim are:

    1.    That defendant committed an act or acts under color of state law;

    2.    That by committing that act or acts, defendant deprived Mauricio Jaquez of his rights under the Constitution or the laws of the United States by subjecting him to an excessive use of force; and

    3.    That the act or acts were a proximate cause of injuries Mr. Jaquez sustained.

    I will explain each of these three elements to you in turn.

13

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

### 1.   Act Under Color of State Law

The first element of plaintiff s' § 1983 claim requires you to determine whether defendant committed an act, and if so, whether he did so under color of state law.

This element is uncontested.  The parties do not dispute that Sgt. Flores fired the final shot that hit Mr. Jaquez and that he was acting in his capacity as a police officer when he did so.

14

10-cv-2881 Jury Instructions ~~v1~~v2

10-cv-2881 Jury Instructions v1 v2 4/67/16

### 2.   Deprivation of a Constitutional Right

The second element of plaintiff's § 1983 claim requires you to determine whether defendant, in committing the acts at issue, deprived Mr. Jaquez of a right under the Constitution or federal law, specifically his right not to be subject to excessive force.

Certain aspects of this element of plaintiff's claim are not contested.  The parties do not dispute that Sgt. Flores fired the final shot that hit Mr. Jaquez, nor do they dispute that he intended to do so.

The question for you on this second element was whether that use of force was a reasonable one under the totality of the facts and circumstances known to the officers on the scene at that time.  The question must be answered based upon what was known and understood by the officers on the scene when the force was employed, not based on 20/20 vision of hindsight.

In situations in which deadly or lethal force is used, the standard that is used to determine whether the use of such force at that time was reasonable or not is whether the totality of the facts and circumstances gave rise to probable cause that Mr. Jaquez posed a significant threat of death or serious physical injury to Sgt. Flores or to others.  "Probable cause" means that, under the totality of the circumstances, a reasonable and prudent officer could have thought there was a fair probability that he or others faced a serious threat of physical harm.  Probable cause does not require certainty, and it does not require that the officer be correct.  In other words, probable cause may exist when an officer is mistaken as to whether he or others faced a serious threat, so long as you find that based on the totality of facts, such a belief on his part was reasonable.  Probable cause exists

15

10-cv-2881 Jury Instructions v1v2

when the facts and circumstances are collectively of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that Mr. Jaquez posed a significant threat of death or serious physical injury to the officer or others. Whether there was probable cause to believe that Mr. Jaquez posed a significant threat of death or serious physical injury depends only upon Sgt. Flores's knowledge of circumstances immediately prior to and at the moment he made the decision to employ deadly force by firing the final shot.

In making your determination as to whether excessive force was used, I instruct you that it is not necessary that you determine that use of the particular type and amount of force in fact used was the only option available. That is, you do not have to find that the particular use of force was the least intrusive means available. It is sufficient that the officer acted within a range of conduct that is reasonable. There may be a range of reasonable options, some of which employ different techniques. In this regard, the law does not require that an officer use the least amount of force possible, so long as you find that the use of force was reasonable.

It is also not necessary that you determine that all officers confronted in the situation the officers found themselves in on April 12, 2009 would have made the same decision as Sgt. Flores, so long as you determine that at least one or more officers would be reasonable in having made such a choice.

The question of whether Sgt. Flores used reasonable force or excessive force is an objective one. In this regard, Sgt. Flores' personal motivations or intentions are irrelevant – the question is answered with regard to what a reasonable officer would have done

10-cv-2881 Jury Instructions v1 v2 4/67/16

under the totality of the circumstances.  Accordingly, whether the officer had good

intentions do not make an excessive use of force reasonable; but by the same token, nor do

bad intentions render a reasonable use of force excessive.

In making your determination as to whether Sgt. Flores used reasonable or

excessive force here, you must consider that police officers are often forced to make split-

second decisions about the amount of force necessary when circumstances are tense,

uncertain, and rapidly evolving.

### 3.   Proximate Cause

The third and final element of plaintiff~~s's~~ § 1983 claim requires you to determine whether an injury (or injuries) was proximately caused by defendant's act, that is, the final shot.  If you find that plaintiff~~s~~ ha~~sve~~ carried ~~their~~ its burden to prove the first two elements of the claim by a preponderance of the evidence, you must determine whether an injury (or injuries) was proximately caused by such conduct.

An act is a proximate cause of a particular injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act that is at issue in this trial.  Proximate cause does not mean the sole or only cause.  A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  An action by the defendant need only have been a substantial factor in bringing about some result in order for it to constitute proximate cause of that result.

If an act played no role, a minor role, or an insignificant role in particular injuries you determine Mr. Jaquez in fact sustained, then that injury was not proximately caused by the act.  Similarly, if a particular injury was not a reasonably foreseeable consequence of the defendant's conduct, this proximate cause element would not be met for that injury.  To be "reasonably foreseeable," an event must be able to be anticipated as a natural and probable result.

If no injuries were proximately caused by defendant's act, the final shot, then you must return a verdict of "not liable" even if you have found the other two elements.  If, however, you find that any of Mr. Jaquez's injuries were proximately caused by the act,

18

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

and you have found each of the other two elements, then you must return a verdict of

"liable."

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

## II.     <u>**Damages**</u>

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that plaintiff~~s~~ ha~~s~~ve established liability on ~~their~~ its claim.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff~~s~~.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

20

10-cv-2881 Jury Instructions ~~v1~~v2

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

### **Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the defendant liable, then you must award the plaintiffs sufficient damages to compensate them for any injury proximately caused by the conduct of the defendant that created the liability.

The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.  In calculating damages, do not add any amount for interest.  The Court will do that automatically.

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

### **Compensatory Damages**

Your decision on whether to award damages and the amount must be unanimous. If plaintiff~~s~~ ha~~s~~ve proved all of the required elements of ~~their~~ its § 1983 claim, then you must award ~~them~~ plaintiff a sum of money that you believe will fairly and justly compensate ~~them~~ for any physical injury or pain and suffering you determine ~~they~~ Mr. Jaquez actually sustained as a proximate result of the defendant's misconduct, as well as emotional distress, fear, personal humiliation, indignation, and mental anguish caused by that conduct.

Compensatory damages only include those injuries proximately caused by the actions of the defendant. I previously described what it means for an act to proximately cause an injury. If you award compensatory damages, they must only encompass the injuries to ~~plaintiffs~~Mr. Jaquez that resulted from the final shot, not from any other conduct.

Although compensatory damages include a number of different areas, which I listed above, there are some areas you should not consider. In this case, you may not award any damages due solely to Mr. Jaquez's death. For instance, because Mr. Jaquez had suffered a fatal wound prior to the final shot, his income would already have been lost and his family would have suffered the consequences of his loss. Again, the only act of defendant that is at issue for purposes of both liability and damages is the final shot.

Finally, compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

22

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

### Nominal Damages

If you return a verdict for the plaintiff, but find that plaintiff~~s~~ ha~~sve~~ failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."

### Attorney's Fees

Any award of attorneys' fees is a matter to be determined by the Court. Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take attorneys' fees into consideration.

23

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

### Punitive Damages

If you find that plaintiff~~s~~ ha~~ve~~s proven that defendant is liable for violating Mr. Jaquez's Constitutional rights then you may also, in your discretion, make an award of punitive damages.  Punitive damages may be awarded even if you find plaintiff~~s~~ ha~~ve~~s not suffered any actual damages.  To be clear, if you find plaintiff~~s~~ ha~~ve~~s proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future.  Put another way, the amount is not intended to compensate plaintiff~~s~~ for ~~their~~ his injuries but rather to punish the defendant or to prevent similar conduct in the future.  You may only award plaintiff~~s~~ punitive damages if you find that the defendant acted maliciously or wantonly.  An act is "malicious" if done with an evil motive or intent to violate a person's rights.  An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be.  You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

24

10-cv-2881 Jury Instructions ~~v1~~v2

10-cv-2881 Jury Instructions v1 v2 4/67/16

Finally, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

## CONCLUDING REMARKS

### Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

### Deliberations

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict or solely because of the opinions of other jurors. Adopt the conclusion that you honestly believe to be true.

10-cv-2881 Jury Instructions ~~v1~~ v2 4/~~6~~7/16

During your deliberations, you will have the exhibits available to you.  You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

### **Procedure**

Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.  The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, you will need to send me a note.  Everything is in writing and the Court shares all notes with the parties.  If you send me a note, you are not to reveal the standing of the jurors, that is, the split of the vote.

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

27

10-cv-2881 Jury Instructions ~~v1~~v2

Version 2 to the parties April 7, 2016

## **JURY CHARGES**

10-cv-2881 Jury Instructions v2 4/7/16

## GENERAL INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

## **Role of the Jury**

Your role is to pass upon and decide the facts in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining the facts, you must rely upon your own recollection of the evidence.

Your role is to decide whether the plaintiff has carried its burden to prove that the defendant is liable.  If you were to find the defendant liable, your job then becomes to determine the damages, if any, owed to the plaintiff.

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

### Evidence

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence. It is only the answer which is evidence. Remember also that you are not to consider statements that I struck or told you to disregard. That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit. Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Circumstantial evidence is not any less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. We discussed a simple example of circumstantial evidence about umbrellas and rain when I spoke to you at the beginning of this trial. Another example is this—we will stick with water:

If you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. The fact of a wet sidewalk would be circumstantial evidence of the fact that it rained that night. However, there could be

10-cv-2881 Jury Instructions v2 4/7/16

another explanation for the water on the sidewalk, such as someone using a hose. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

### Inference

Let's talk about the term I just used, "inference."  During the trial you may have heard the attorneys use the term inference, and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.  An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

10-cv-2881 Jury Instructions v2 4/7/16

## Credibility of Witnesses

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.

It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

### Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

10-cv-2881 Jury Instructions v2 4/7/16

### **Testimony of Police Officers**

In this case you have heard the testimony of police officers. The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

### **Duty of Impartiality**

The fact that the defendant is part of the New York Police Department entitles him to no greater consideration than that accorded any other party.  By the same token, he is entitled to no less consideration.  All parties stand equal before the bar of justice.

10-cv-2881 Jury Instructions v2 4/7/16

## **Burden of Proof**

I now want to define for you the standard that applies in this case.  The standard under which you will decide whether the plaintiff has met its burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means to prove that a fact is more likely true than not true.  The evidence of the party having the burden of proof – here, the plaintiff – must be more convincing and persuasive to you than the evidence offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof, that party has carried its burden.

When a party has the burden of proof, as plaintiff does in this case, he must prove each of the elements of his claim by a preponderance of the evidence.  If you find that each element of a claim is proved by a preponderance of the evidence, you must find in favor of plaintiff on that claim; if you find that any element of a claim is not proved by a preponderance of the evidence, you must find in favor of defendant on that claim.

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

### The Claim to be Decided Here

The evidence you have heard throughout this case concerns a series of events on April 12, 2009.  On that day, there was an incident involving law enforcement and Mauricio Jaquez.  During that incident, law enforcement used force on Mauricio Jaquez, and as part of that he was shot several times.

This lawsuit concerns whether the last of those shots -- the one that you have heard referred to as the "final shot," "track wound A," or "bullet wound A" -- was an excessive use of force by defendant Flores.

None of the other bullets fired, or other uses of force during the incident, are at issue in this trial.  The Court has already determined that as to those uses of force, the defendant and his fellow officers acted reasonably.  You have heard that prior to the last shot, the decedent had already suffered a fatal wound; that is, a wound which lead to his death.

The Court was unable to make a determination as to whether Sgt. Flores acted reasonably as to the final shot fired because the parties dispute certain facts which therefore must be determined by a jury.  As I will describe more fully in a moment, you must determine whether at the time of that final shot, Sgt. Flores had probable cause to believe that the decedent posed a significant threat of death or serious physical injury to himself or others.

Because the other bullets fired and other uses of force are not at issue here, the description of what occurred in the apartment prior to the final shot including those other

11

10-cv-2881 Jury Instructions v2 4/7/16

uses of force, was offered as background to that final shot and to the issues you are now

asked to decide.

10-cv-2881 Jury Instructions v2 4/7/16

## SUBSTANTIVE LEGAL INSTRUCTIONS

### I.    **§ 1983: Excessive Use of Force**

Plaintiff has stated a claim under a federal statute called 42 U.S.C. § 1983, or Section 1983.  This statute provides a legal remedy for people who have been deprived of their constitutional rights.  We sometimes refer to claims brought under the authority of this statute as § 1983 claims.

To establish a § 1983 claim, plaintiff bears the burden to establish each of the following three elements by a preponderance of the evidence.  If plaintiff does not carry its burden as to any one of these three elements, even if it carry the burden as to one or two of them, you must return a verdict for defendant.  The three elements of a § 1983 claim are:

1.    That defendant committed an act or acts under color of state law;

2.    That by committing that act or acts, defendant deprived Mauricio Jaquez of his rights under the Constitution or the laws of the United States by subjecting him to an excessive use of force; and

3.    That the act or acts were a proximate cause of injuries Mr. Jaquez sustained.

I will explain each of these three elements to you in turn.

13

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

### 1.   <u>Act Under Color of State Law</u>

The first element of plaintiff's § 1983 claim requires you to determine whether defendant committed an act, and if so, whether he did so under color of state law.

This element is uncontested.  The parties do not dispute that Sgt. Flores fired the final shot that hit Mr. Jaquez and that he was acting in his capacity as a police officer when he did so.

10-cv-2881 Jury Instructions v2 4/7/16

      2.   <u>Deprivation of a Constitutional Right</u>

The second element of plaintiff's § 1983 claim requires you to determine whether defendant, in committing the acts at issue, deprived Mr. Jaquez of a right under the Constitution or federal law, specifically his right not to be subject to excessive force.

Certain aspects of this element of plaintiff's claim are not contested. The parties do not dispute that Sgt. Flores fired the final shot that hit Mr. Jaquez, nor do they dispute that he intended to do so.

The question for you on this second element was whether that use of force was a reasonable one under the totality of the facts and circumstances known to the officers on the scene at that time. The question must be answered based upon what was known and understood by the officers on the scene when the force was employed, not based on 20/20 vision of hindsight.

In situations in which deadly or lethal force is used, the standard that is used to determine whether the use of such force at that time was reasonable or not is whether the totality of the facts and circumstances gave rise to probable cause that Mr. Jaquez posed a significant threat of death or serious physical injury to Sgt. Flores or to others. "Probable cause" means that, under the totality of the circumstances, a reasonable and prudent officer could have thought there was a fair probability that he or others faced a serious threat of physical harm. Probable cause does not require certainty, and it does not require that the officer be correct. In other words, probable cause may exist when an officer is mistaken as to whether he or others faced a serious threat, so long as you find that based on the totality of facts, such a belief on his part was reasonable. Probable cause exists

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

when the facts and circumstances are collectively of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that Mr. Jaquez posed a significant threat of death or serious physical injury to the officer or others.  Whether there was probable cause to believe that Mr. Jaquez posed a significant threat of death or serious physical injury depends only upon Sgt. Flores's knowledge of circumstances immediately prior to and at the moment he made the decision to employ deadly force by firing the final shot.

In making your determination as to whether excessive force was used, I instruct you that it is not necessary that you determine that use of the particular type and amount of force in fact used was the only option available.  That is, you do not have to find that the particular use of force was the least intrusive means available.  It is sufficient that the officer acted within a range of conduct that is reasonable.   There may be a range of reasonable options, some of which employ different techniques.  In this regard, the law does not require that an officer use the least amount of force possible, so long as you find that the use of force was reasonable.

It is also not necessary that you determine that all officers confronted in the situation the officers found themselves in on April 12, 2009 would have made the same decision as Sgt. Flores, so long as you determine that at least one or more officers would be reasonable in having made such a choice.

The question of whether Sgt. Flores used reasonable force or excessive force is an objective one.  In this regard, Sgt. Flores' personal motivations or intentions are irrelevant – the question is answered with regard to what a reasonable officer would have done

16

10-cv-2881 Jury Instructions v2 4/7/16

under the totality of the circumstances.  Accordingly, whether the officer had good

intentions do not make an excessive use of force reasonable; but by the same token, nor do

bad intentions render a reasonable use of force excessive.

In making your determination as to whether Sgt. Flores used reasonable or

excessive force here, you must consider that police officers are often forced to make split-

second decisions about the amount of force necessary when circumstances are tense,

uncertain, and rapidly evolving.

10-cv-2881 Jury Instructions v2 4/7/16

3.   <u>Proximate Cause</u>

The third and final element of plaintiff's § 1983 claim requires you to determine whether an injury (or injuries) was proximately caused by defendant's act, that is, the final shot.  If you find that plaintiff has carried its burden to prove the first two elements of the claim by a preponderance of the evidence, you must determine whether an injury (or injuries) was proximately caused by such conduct.

An act is a proximate cause of a particular injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act that is at issue in this trial.  Proximate cause does not mean the sole or only cause.  A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage. An action by the defendant need only have been a substantial factor in bringing about some result in order for it to constitute proximate cause of that result.

If an act played no role, a minor role, or an insignificant role in particular injuries you determine Mr. Jaquez in fact sustained, then that injury was not proximately caused by the act.  Similarly, if a particular injury was not a reasonably foreseeable consequence of the defendant's conduct, this proximate cause element would not be met for that injury. To be "reasonably foreseeable," an event must be able to be anticipated as a natural and probable result.

If no injuries were proximately caused by defendant's act, the final shot, then you must return a verdict of "not liable" even if you have found the other two elements.  If, however, you find that any of Mr. Jaquez's injuries were proximately caused by the act,

18

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

and you have found each of the other two elements, then you must return a verdict of

"liable."

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

## II.    <u>**Damages**</u>

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that plaintiff has established liability on its claim.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

20

10-cv-2881 Jury Instructions v2 4/7/16

### **Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate them for any injury proximately caused by the conduct of the defendant that created the liability.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In calculating damages, do not add any amount for interest. The Court will do that automatically.

10-cv-2881 Jury Instructions v2 4/7/16

**<u>Compensatory Damages</u>**

Your decision on whether to award damages and the amount must be unanimous.

If plaintiff has proved all of the required elements of its § 1983 claim, then you must

award plaintiff a sum of money that you believe will fairly and justly compensate for any

physical injury or pain and suffering you determine Mr. Jaquez actually sustained as a

proximate result of the defendant's misconduct, as well as emotional distress, fear,

personal humiliation, indignation, and mental anguish caused by that conduct.

Compensatory damages only include those injuries proximately caused by the

actions of the defendant.  I previously described what it means for an act to proximately

cause an injury.  If you award compensatory damages, they must only encompass the

injuries to Mr. Jaquez that resulted from the final shot, not from any other conduct.

Although compensatory damages include a number of different areas, which I listed

above, there are some areas you should not consider.  In this case, you may not award any

damages due solely to Mr. Jaquez's death.  For instance, because Mr. Jaquez had suffered

a fatal wound prior to the final shot, his income would already have been lost and his

family would have suffered the consequences of his loss.  Again, the only act of defendant

that is at issue for purposes of both liability and damages is the final shot.

Finally, compensatory damages must not be based on speculation or sympathy.

They must be based on the evidence presented at trial.

22

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

### Nominal Damages

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."

### Attorney's Fees

Any award of attorneys' fees is a matter to be determined by the Court. Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take attorneys' fees into consideration.

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

## __Punitive Damages__

If you find that plaintiff has proven that defendant is liable for violating Mr. Jaquez's Constitutional rights then you may also, in your discretion, make an award of punitive damages.  Punitive damages may be awarded even if you find plaintiff has not suffered any actual damages.  To be clear, if you find plaintiff has proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future.  Put another way, the amount is not intended to compensate plaintiff for his injuries but rather to punish the defendant or to prevent similar conduct in the future.  You may only award plaintiff punitive damages if you find that the defendant acted maliciously or wantonly.  An act is "malicious" if done with an evil motive or intent to violate a person's rights.  An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be.  You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

24

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

Finally, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

## CONCLUDING REMARKS

### Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

### Deliberations

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict or solely because of the opinions of other jurors.  Adopt the conclusion that you honestly believe to be true.

10-cv-2881 Jury Instructions v2

10-cv-2881 Jury Instructions v2 4/7/16

During your deliberations, you will have the exhibits available to you.  You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

### **Procedure**

Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.  The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, you will need to send me a note.  Everything is in writing and the Court shares all notes with the parties.  If you send me a note, you are not to reveal the standing of the jurors, that is, the split of the vote.

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

27

10-cv-2881 Jury Instructions v2

FINAL AS DELIVERED

# **JURY CHARGES**

FINAL AS DELIVERED

**GENERAL INSTRUCTIONS**

<u>**Role of the Court**</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

## Role of the Jury

Your role is to pass upon and decide the facts in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining the facts, you must rely upon your own recollection of the evidence.

Your role is to decide whether the plaintiff has carried its burden to prove that the defendant is liable.  If you were to find the defendant liable, your job then becomes to determine the damages, if any, owed to the plaintiff.

### Evidence

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence. It is only the answer which is evidence. Remember also that you are not to consider statements that I struck or told you to disregard. That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit. Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Circumstantial evidence is not any less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. We discussed a simple example of circumstantial evidence about umbrellas and rain when I spoke to you at the beginning of this trial. Another example is this—we will stick with water:

If you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. The fact of a wet sidewalk would be circumstantial evidence of the fact that it rained that night. However, there could be

4

FINAL AS DELIVERED

another explanation for the water on the sidewalk, such as someone using a hose. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

FINAL AS DELIVERED

**Inference**

Let's talk about the term I just used, "inference."  During the trial you may have heard the attorneys use the term inference, and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.  An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

6

FINAL AS DELIVERED

## Credibility of Witnesses

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.

It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such

FINAL AS DELIVERED

inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

### Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  An interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

FINAL AS DELIVERED

## Testimony of Police Officers

In this case you have heard the testimony of police officers. The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

## Duty of Impartiality

The fact that the defendant is part of the New York Police Department entitles him to no greater consideration than that accorded any other party.  By the same token, he is entitled to no less consideration.  All parties stand equal before the bar of justice.

FINAL AS DELIVERED

## **Burden of Proof**

I now want to define for you the standard that applies in this case.  The standard under which you will decide whether the plaintiff has met its burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means to prove that a fact is more likely true than not true.  The evidence of the party having the burden of proof – here, the plaintiff – must be more convincing and persuasive to you than the evidence offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof, that party has carried its burden.

When a party has the burden of proof, as plaintiff does in this case, he must prove each of the elements of his claim by a preponderance of the evidence.  If you find that each element of a claim is proved by a preponderance of the evidence, you must find in favor of plaintiff on that claim; if you find that any element of a claim is not proved by a preponderance of the evidence, you must find in favor of defendant on that claim.

FINAL AS DELIVERED

## **The Claim to be Decided Here**

The evidence you have heard throughout this case concerns a series of events on April 12, 2009.  On that day, there was an incident involving law enforcement and Mauricio Jaquez.  During that incident, law enforcement used force on Mauricio Jaquez, and as part of that he was shot several times.

This lawsuit concerns whether the last of those shots -- the one that you have heard referred to as the "final shot," "track wound A," or "bullet wound A" -- was an excessive use of force by defendant Flores.

None of the other bullets fired, or other uses of force during the incident, are at issue in this trial.  The Court has already determined that as to those uses of force, the defendant and his fellow officers acted reasonably.  You have heard that prior to the last shot, the decedent had already suffered a fatal wound; that is, a wound which lead to his death.

The Court was unable to make a determination as to whether Sgt. Flores acted reasonably as to the final shot fired because the parties dispute certain facts which therefore must be determined by a jury.  As I will describe more fully in a moment, you must determine whether at the time of that final shot, Sgt. Flores had probable cause to believe that the decedent posed a significant threat of death or serious physical injury to himself or others.

Because the other bullets fired and other uses of force are not at issue here, the description of what occurred in the apartment prior to the final shot including those other

FINAL AS DELIVERED

uses of force, was offered as background to that final shot and to the issues you are now

asked to decide.

FINAL AS DELIVERED

**SUBSTANTIVE LEGAL INSTRUCTIONS**

    I.    **§ 1983: Excessive Use of Force**

Plaintiff has stated a claim under a federal statute called 42 U.S.C. § 1983, or Section 1983.  This statute provides a legal remedy for people who have been deprived of their constitutional rights.  We sometimes refer to claims brought under the authority of this statute as § 1983 claims.

To establish a § 1983 claim, plaintiff bears the burden to establish each of the following three elements by a preponderance of the evidence.  If plaintiff does not carry its burden as to any one of these three elements, even if it carry the burden as to one or two of them, you must return a verdict for defendant.  The three elements of a § 1983 claim are:

    1.    That defendant committed an act or acts under color of state law;

    2.    That by committing that act or acts, defendant deprived Mauricio Jaquez of his rights under the Constitution or the laws of the United States by subjecting him to an excessive use of force; and

    3.    That the act or acts were a proximate cause of injuries Mr. Jaquez sustained.

I will explain each of these three elements to you in turn.

FINAL AS DELIVERED

1.    <u>Act Under Color of State Law</u>

The first element of plaintiff's § 1983 claim requires you to determine whether defendant committed an act, and if so, whether he did so under color of state law.

This element is uncontested.  The parties do not dispute that Sgt. Flores fired the final shot that hit Mr. Jaquez and that he was acting in his capacity as a police officer when he did so.

FINAL AS DELIVERED

2.   <u>Deprivation of a Constitutional Right</u>

The second element of plaintiff's § 1983 claim requires you to determine whether defendant, in committing the acts at issue, deprived Mr. Jaquez of a right under the Constitution or federal law, specifically his right not to be subject to excessive force.

Certain aspects of this element of plaintiff's claim are not contested. The parties do not dispute that Sgt. Flores fired the final shot that hit Mr. Jaquez, nor do they dispute that he intended to do so.

The question for you on this second element was whether that use of force was a reasonable one under the totality of the facts and circumstances known to the officers on the scene at that time. The question must be answered based upon what was known and understood by the officers on the scene when the force was employed, not based on 20/20 vision of hindsight.

In situations in which deadly or lethal force is used, the standard that is used to determine whether the use of such force was reasonable or not is whether the totality of the facts and circumstances gave rise to probable cause that Mr. Jaquez posed a significant threat of death or serious physical injury to Sgt. Flores or to others at the time of such use of force. "Probable cause" means that, under the totality of the circumstances, a reasonable and prudent officer could have thought there was a fair probability that he or others faced a serious threat of physical harm. Probable cause does not require certainty, and it does not require that the officer be correct. In other words, probable cause may exist when an officer is mistaken as to whether he or others faced a serious threat, so long as you find that based on the totality of facts, such a belief on his part was reasonable.

15

FINAL AS DELIVERED

Probable cause exists when the facts and circumstances are collectively of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that Mr. Jaquez posed a significant threat of death or serious physical injury to the officer or others.  Whether there was probable cause to believe that Mr. Jaquez posed a significant threat of death or serious physical injury depends only upon Sgt. Flores's knowledge of circumstances immediately prior to and at the moment he made the decision to employ deadly force by firing the final shot.

In making your determination as to whether excessive force was used, I instruct you that it is not necessary that you determine that use of the particular type and amount of force in fact used was the only option available.  That is, you do not have to find that the particular use of force was the least intrusive means available.  It is sufficient that the officer acted within a range of conduct that is reasonable.   There may be a range of reasonable options, some of which employ different techniques.  In this regard, the law does not require that an officer use the least amount of force possible, so long as you find that the use of force was reasonable.

It is also not necessary that you determine that all officers confronted in the situation the officers found themselves in on April 12, 2009 would have made the same decision as Sgt. Flores, so long as you determine that at least one or more officers would be reasonable in having made such a choice.

The question of whether Sgt. Flores used reasonable force or excessive force is an objective one.  In this regard, Sgt. Flores' personal motivations or intentions are irrelevant – the question is answered with regard to what a reasonable officer would have done

FINAL AS DELIVERED

under the totality of the circumstances.  Accordingly, whether the officer had good

intentions do not make an excessive use of force reasonable; but by the same token, nor do

bad intentions render a reasonable use of force excessive.

In making your determination as to whether Sgt. Flores used reasonable or

excessive force here, you must consider that police officers are often forced to make split-

second decisions about the amount of force necessary when circumstances are tense,

uncertain, and rapidly evolving.

FINAL AS DELIVERED

3.   <u>Proximate Cause</u>

The third and final element of plaintiff's § 1983 claim requires you to determine whether an injury (or injuries) was proximately caused by defendant's act, that is, the final shot.  If you find that plaintiff has carried its burden to prove the first two elements of the claim by a preponderance of the evidence, you must determine whether an injury (or injuries) was proximately caused by such conduct.

An act is a proximate cause of a particular injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act that is at issue in this trial.  Proximate cause does not mean the sole or only cause.  A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  An action by the defendant need only have been a substantial factor in bringing about some result in order for it to constitute proximate cause of that result.

If an act played no role, a minor role, or an insignificant role in particular injuries you determine Mr. Jaquez in fact sustained, then that injury was not proximately caused by the act.  Similarly, if a particular injury was not a reasonably foreseeable consequence of the defendant's conduct, this proximate cause element would not be met for that injury.  To be "reasonably foreseeable," an event must be able to be anticipated as a natural and probable result.

If no injuries were proximately caused by defendant's act, the final shot, then you must return a verdict of "not liable" even if you have found the other two elements.  If, however, you find that any of Mr. Jaquez's injuries were proximately caused by the act,

FINAL AS DELIVERED

and you have found each of the other two elements, then you must return a verdict of

"liable."

FINAL AS DELIVERED

## II.    <u>Damages</u>

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that plaintiff has established liability on its claim.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

FINAL AS DELIVERED

**Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate them for any injury proximately caused by the conduct of the defendant that created the liability.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In calculating damages, do not add any amount for interest. The Court will do that automatically.

FINAL AS DELIVERED

**Compensatory Damages**

Your decision on whether to award damages and the amount must be unanimous. If plaintiff has proved all of the required elements of its § 1983 claim, then you must award plaintiff a sum of money that you believe will fairly and justly compensate for any physical injury or pain and suffering you determine Mr. Jaquez actually sustained as a proximate result of the defendant's misconduct, as well as emotional distress, fear, personal humiliation, indignation, and mental anguish caused by that conduct.

Compensatory damages only include those injuries proximately caused by the actions of the defendant. I previously described what it means for an act to proximately cause an injury. If you award compensatory damages, they must only encompass the injuries to Mr. Jaquez that resulted from the final shot, not from any other conduct.

Although compensatory damages include a number of different areas, which I listed above, there are some areas you should not consider. In this case, you may not award any damages due solely to Mr. Jaquez's death. For instance, because Mr. Jaquez had suffered a fatal wound prior to the final shot, his income would already have been lost and his family would have suffered the consequences of his loss. Again, the only act of defendant that is at issue for purposes of both liability and damages is the final shot.

Finally, compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

**<u>Nominal Damages</u>**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."


**<u>Attorney's Fees</u>**

Any award of attorneys' fees is a matter to be determined by the Court. Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take attorneys' fees into consideration.

23

FINAL AS DELIVERED

**Punitive Damages**

If you find that plaintiff has proven that defendant is liable for violating Mr. Jaquez's Constitutional rights then you may also, in your discretion, make an award of punitive damages.  Punitive damages may be awarded even if you find plaintiff has not suffered any actual damages.  To be clear, if you find plaintiff has proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future.  Put another way, the amount is not intended to compensate plaintiff for his injuries but rather to punish the defendant or to prevent similar conduct in the future.  You may only award plaintiff punitive damages if you find that the defendant acted maliciously or wantonly.  An act is "malicious" if done with an evil motive or intent to violate a person's rights.  An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be.  You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

24

Finally, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

## CONCLUDING REMARKS

### Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

### Deliberations

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict or solely because of the opinions of other jurors.  Adopt the conclusion that you honestly believe to be true.

FINAL AS DELIVERED

During your deliberations, you will have the exhibits available to you. You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

### **<u>Procedure</u>**

Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise. The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, you will need to send me a note. Everything is in writing and the Court shares all notes with the parties. If you send me a note, you are not to reveal the standing of the jurors, that is, the split of the vote.

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

10 cv 2881 Version 1 – delivered to parties 4/6/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                           :
THE ESTATE OF MAURICIO JAQUEZ, by the  :
Public Administrator of Bronx County as              :
administrator of the goods, chattels, and credit  :
of the deceased Mauricio Jaquez, and ANA      :
MARTINEZ,                                                    :          10-cv-2881 (KBF)
                                                           :
                               Plaintiffs,              :          <u>VERDICT SHEET #1</u>
                                                           :
                 -v-                                       :
                                                           :
Sergeant WILLIAM FLORES, Shield No. 1023,  :
                                                           :
                               Defendant.              :
                                                           :
------------------------------------------------------------------ X


1. Was Mauricio Jaquez pushing himself up from the floor when the defendant
   fired the final shot?


                    Yes _____    No _____


2. Did Mauricio Jaquez have a knife in his hand when the defendant fired the
   final shot?


                    Yes _____    No _____

10 cv 2881 v1

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:        New York, New York
              April ____, 2016




_____        _____
        FOREPERSON




_____        _____




_____        _____




_____

2

10 cv 2881 Version ~~1~~ 2 – delivered to parties 4/~~6~~7/16

~~UNITED STATES DISTRICT COURT~~
~~SOUTHERN DISTRICT OF NEW YORK~~
~~————————————————————— X~~
~~:~~
~~THE ESTATE OF MAURICIO JAQUEZ, by the :~~
~~Public Administrator of Bronx County as :~~
~~administrator of the goods, chattels, and credit :~~
~~of the deceased Mauricio Jaquez, and ANA :~~
~~MARTINEZ,~~                                    ~~:~~            ~~10 cv 2881 (KBF)~~
~~:~~
~~Plaintiffs, :~~                <u>VERDICT SHEET #1</u>
~~:~~
~~-v- :~~
~~:~~
~~Sergeant WILLIAM FLORES, Shield No. 1023, :~~
~~:~~
~~Defendant. :~~
~~:~~
~~————————————————————— X~~


1. ~~Was~~ Do you find by a preponderance of the evidence that Mauricio Jaquez was pushing himself up from the floor when ~~the defendant~~Sgt. Flores fired the final shot?


           Yes _____   No _____


2. ~~Did~~ Do you find by a preponderance of the evidence that Mauricio Jaquez ~~have~~ had a knife in his hand when ~~the defendant~~Sgt. Flores fired the final shot?


           Yes _____   No _____

10 cv 2881 ~~v1~~v2

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:      New York, New York
            April \_\_\_\_, 2016


_____      _____
            FOREPERSON


_____      _____


_____      _____


_____

2

10 cv 2881 Version 2 – delivered to parties 4/7/16

<u>VERDICT SHEET #1</u>

1. Do you find by a preponderance of the evidence that Mauricio Jaquez was pushing himself up from the floor when Sgt. Flores fired the final shot?

Yes _____    No _____

2. Do you find by a preponderance of the evidence that Mauricio Jaquez had a knife in his hand when Sgt. Flores fired the final shot?

Yes _____    No _____

10 cv 2881 v2

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:      New York, New York
            April ____, 2016




_____      _____
            FOREPERSON




_____      _____




_____      _____




_____

<u>VERDICT SHEET #1</u>

1. Do you find by a preponderance of the evidence that Mauricio Jaquez was pushing himself up from the floor when Sgt. Flores fired the final shot?

   Yes _____   No _____


2. Do you find by a preponderance of the evidence that Mauricio Jaquez had a knife in his hand when Sgt. Flores fired the final shot?

   Yes _____   No _____

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:        New York, New York
              April ____, 2016

_____          _____
            FOREPERSON

_____          _____

_____          _____

_____

10 cv 2881 Version 1 – delivered to parties 4/6/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
THE ESTATE OF MAURICIO JAQUEZ, by the :
Public Administrator of Bronx County as            :
administrator of the goods, chattels, and credit   :
of the deceased Mauricio Jaquez, and ANA      :
MARTINEZ,                                                   :              10-cv-2881 (KBF)
                                                                   :
                                    Plaintiffs,          :              <u>VERDICT SHEET #2</u>
                                                                   :
                      -v-                                      :
                                                                   :
Sergeant WILLIAM FLORES, Shield No. 1023, :
                                                                   :
                                    Defendant.           :
                                                                   :
------------------------------------------------------------------ X

1. Do you find that the defendant subjected Mauricio Jaquez to unlawful
   excessive force on April 12, 2009?


        Yes _____    No _____


   **If you answered "no," you are done.  Do not answer any further
questions.  Sign this form on the last page and give it to the marshal.**

   **Only proceed to Questions 2 and 3 if you answered "yes."**

10 cv 2881 v1

2.  If you answered "yes" to Question 1, what amount of compensatory damages have the plaintiffs proven they suffered as a result of the excessive force? (You must award at least $1 as nominal damages if you answered "yes" to Question 3.)

$ _____

3.  If you find that punitive damages are appropriate, enter the amount that the plaintiffs have proven they are entitled to here.  (If you find that Mauricio Jaquez was subject to excessive force, but do not find punitive damages appropriate, you may leave it blank or enter $0.)

$ _____

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:        New York, New York
              April ____, 2016


_____        _____
        FOREPERSON



_____        _____



_____        _____



_____
                                    2

10 cv 2881 Version ~~1~~ 2 – delivered to parties 4/~~6~~7/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————— X
                                                              :
THE ESTATE OF MAURICIO JAQUEZ, by the      :
Public Administrator of Bronx County as      :
administrator of the goods, chattels, and credit      :
of the deceased Mauricio Jaquez, and ANA      :
MARTINEZ,                                                  :              10 cv 2881 (KBF)
                                                              :
                                    Plaintiffs,      :              <u>VERDICT SHEET #2</u>
                                                              :
                          -v-                             :
                                                              :
Sergeant WILLIAM FLORES, Shield No. 1023,      :
                                                              :
                          Defendant.                  :
                                                              :
————————————————————————— X


1.  Do you find that <u>plaintiff has proven by a preponderance of the evidence that</u> ~~the~~ defendant <u>Sgt. Flores</u> subjected Mauricio Jaquez to ~~unlawful~~ excessive force on April 12, 2009 <u>when he fired the final shot</u>?


           Yes _____    No _____


      **If you answered "no," you are done.  Do not answer any further questions.  Sign this form on the last page and give it to the marshal.**

      **Only proceed to Questions 2 and 3 if you answered "yes."**

10 cv 2881 v1

2. If you answered "yes" to Question 1, what amount of compensatory damages have the plaintiffs proven they suffered as a result of the excessive force? (You must award at least $1 as nominal damages if you answered "yes" to Question 3.)

$ _____

3. If you find that punitive damages are appropriate, enter the amount that the plaintiffs have proven they are entitled to here.  (If you find that Mauricio Jaquez was subject to excessive force, but do not find punitive damages appropriate, you may leave it blank or enter $0.)

$ _____

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:        New York, New York
              April _____, 2016


_____                    _____
          FOREPERSON


_____                    _____


_____                    _____


_____

2

10 cv 2881 Version 2 – delivered to parties 4/7/2016

<u>VERDICT SHEET #2</u>

1. Do you find that plaintiff has proven by a preponderance of the evidence that defendant Sgt. Flores subjected Mauricio Jaquez to excessive force on April 12, 2009 when he fired the final shot?

Yes _____    No _____

**If you answered "no," you are done.  Do not answer any further questions.  Sign this form on the last page and give it to the marshal.**

**Only proceed to Questions 2 and 3 if you answered "yes."**

2. If you answered "yes" to Question 1, what amount of compensatory damages have the plaintiffs proven they suffered as a result of the excessive force? (You must award at least $1 as nominal damages if you answered "yes" to Question 3.)

$ _____

3. If you find that punitive damages are appropriate, enter the amount that the plaintiffs have proven they are entitled to here.  (If you find that Mauricio Jaquez was subject to excessive force, but do not find punitive damages appropriate, you may leave it blank or enter $0.)

$ _____

10 cv 2881 v1

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:      New York, New York
            April _____, 2016

_____          _____
        FOREPERSON

_____          _____

_____          _____

_____

2

VERDICT SHEET #2

1. Do you find that plaintiff has proven by a preponderance of the evidence that defendant Sgt. Flores subjected Mauricio Jaquez to excessive force on April 12, 2009 when he fired the final shot?

Yes _____   No _____

**If you answered "no," you are done.  Do not answer any further questions.  Sign this form on the last page and give it to the marshal.**

**Only proceed to Questions 2 and 3 if you answered "yes."**

2. If you answered "yes" to Question 1, what amount of compensatory damages have the plaintiffs proven they suffered as a result of the excessive force? (You must award at least $1 as nominal damages if you answered "yes" to Question 3.)

$ _____

3. If you find that punitive damages are appropriate, enter the amount that the plaintiffs have proven they are entitled to here.  (If you find that Mauricio Jaquez was subject to excessive force, but do not find punitive damages appropriate, you may leave it blank or enter $0.)

$ _____

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:      New York, New York
            April _____, 2016



_____          _____
        FOREPERSON



_____          _____



_____          _____



_____